LEO E. RICHARDS AND CATHERINE RICHARDS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Richards v. Commissioner
Docket No. 2133-88
United States Tax Court
T.C. Memo 1990-479; 1990 Tax Ct. Memo LEXIS 524; 60 T.C.M. (CCH) 693; T.C.M. (RIA) 90479; September 4, 1990, Filed *524 Decision will be entered under Rule 155. Leo E. Richards and Catherine Richards, pro se. John E. Budde, for the respondent. JACOBS, Judge. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined *525 a deficiency of $ 5,686 in petitioners' Federal income tax for 1983, and additions to tax pursuant to sections 6651(a)(1), [1] 6653(a)(1), and 6653(a)(2) in the respective amounts of $ 1,373.47, $ 413.90, and 50 percent of the interest due on $ 5,493.87. The issues for decision are: (1) whether certain expenses deducted by petitioners were incurred while petitioner husband was "away from home" within the meaning of section 162(a)(2), which in turn depends upon whether petitioner husband's employment in New York City in 1983 was temporary or indefinite; (2) whether petitioners are entitled to a business expense deduction for the use of an automobile by petitioner husband; (3) whether petitioners are liable for the addition to tax under section 6651(a)(1) for failure to timely file their Federal income tax return; and (4) *526 whether petitioners are liable for the additions to tax under section 6653(a)(1) and (2) for negligence or intentional disregard of rules or regulations. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated herein by this reference. Leo E. Richards resided in Brooklyn, New York, and Catherine Richards resided in Canton, Ohio, at the time they filed their petition. They filed a joint Federal income tax return for 1983 on March 10, 1985. Leo E. Richards is herein referred to singularly as petitioner, and he and Catherine Richards as petitioners. Petitioner, an electrician by trade, is a member of the International Brotherhood of Electrical Workers Local Union No. 540, which is based in Canton, Ohio. From 1970 to 1977, he worked in the Canton, Ohio area. After 1977, he worked outside Canton on several jobs that typically lasted a month or two. Upon completion of these projects, he returned to work locally in Canton. Petitioners and their child resided in their Canton home prior to and during 1982. They owned rental property in the Cleveland, Ohio, area. Due to an economic slump in *527 the Canton area, petitioner left Canton in August 1982, seeking employment as an electrician in New York City. Shortly after his arrival in New York, he obtained employment with Lord Electric Company to work on a subway contract it had received. After approximately 6 months, he was laid off; thereafter, he contacted the business administrator of his local union in Canton for job availability there. He was informed that no work was available in Canton; therefore, he remained in New York. Following his layoff with Lord Electric in early 1983, petitioner obtained employment in New York City with Arc Electric Construction Company. In April 1983, petitioner entered into a 1-year lease for an apartment in Newark, New Jersey. Although he had his car with him, petitioner regularly commuted from Newark to the job site in New York by train and subway. While with Arc Electric, he worked on the World Financial Center project. He worked there for approximately 8 months, after which he was laid off. After being laid off by Arc Electric, petitioner found employment in New York for the remainder of 1983. He stayed in the New York area until August 1984, at which time he returned to Canton *528 to work on the Timkin Steel Mill project. This job lasted approximately 18 months. On Form 2106 (Employee Business Expense) attached to petitioners' joint 1983 return, petitioner claimed $ 2,008 in travel expenses, $ 13,041 in meals and lodging, and $ 5,345 in automobile expenses. The automobile expenses were calculated using the aggregate of actual expenses plus the standard mileage rate. Respondent disallowed all the claimed expenses. In 1987, petitioners were divorced. Petitioner thereafter moved to New York. OPINION 1. Travel Expenses
Section 162(a) generally allows for the deduction of all ordinary and necessary expenses paid or incurred in carrying on a trade or business. Deductible ordinary business expenses include travel expenses (including meals and lodging) incurred while away from home in the pursuit of a trade or business. Sec. 162(a)(2). Generally, a taxpayer's "home" for purposes of section 162(a) is the area or vicinity of his principal place of employment. . An exception to this rule exists, however, where a taxpayer's principal place of business is temporary rather than indefinite. *529 . In that situation, the taxpayer's personal residence may be his "tax home." Petitioner argues that his employment in New York City was temporary because he intended to return to Canton when work in the Canton area became available. Respondent, on the other hand, contends that Canton was not petitioner's residence during 1983, and that petitioner's employment in New York City for the year at issue was indefinite rather than temporary. Therefore, respondent argues, petitioner's claimed travel, meals, and lodging deductions are not allowable. Respondent's determinations are presumed correct. Petitioner bears the burden of proving otherwise. ; Rule 142(a). Employment is indefinite if its termination cannot be foreseen within a fixed or reasonably short period of time. ; , affd. per curiam . The temporary versus indefinite test is a factual question, and "employment which was temporary *530 may become indefinite if it extends beyond the short term. Also, employment which merely lacks permanence is indefinite unless termination is foreseeable within a short period of time." ; see also ; . Petitioner failed to show that his employment in New York during 1983 was temporary rather than indefinite. Irrespective of petitioner's stated intent to return to Canton, we are unable to conclude on the facts before us that termination of petitioner's employment in New York could have been foreseen within a fixed or relatively short period of time after he left Canton. At best, petitioner has shown that his employment in New York lacked permanence, but this by itself does not make petitioner's employment in New York temporary. , affg. a Memorandum Opinion of this Court. In our view, petitioner's conduct is inconsistent with the foreseeability of termination of employment in New York within a reasonably short *531 time. Petitioner embarked on a series of jobs that resulted in two years of continuous employment (August 1982 - August 1984) in New York City. His return trips to Canton were devoted to personal activities -- visiting his family. Further, in April 1983, he entered into a 1-year lease a short distance from New York City. We thus conclude that petitioner's employment in New York was indefinite; hence, we sustain respondent's determination with respect to this issue. 2. Automobile Expenses
The next issue is whether petitioners are entitled to deduct the expenses of operating their automobile. Section 167 permits a depreciation deduction for property used in a trade or business or held for the production of income. Petitioners have not shown the requisite business use, if any, of the automobile. While petitioner was employed in New York, there is no evidence that the automobile was used other than to commute to work. In fact, the testimony indicates that the automobile was rarely used at all. Petitioner points to the fact that he used the automobile to travel from New York to Canton to visit his family and that he had rental property in Cleveland to support entitlement *532 to the claimed deductions. These facts are not sufficient to show that he actually visited the rental property or to permit an allocation between business and personal use of the automobile. Since petitioners have failed in their burden of proof, we sustain respondent's determination on this issue. 3. Section 6651(a)(1) Addition to Tax
Section 6651(a)(1) provides for an addition to tax for failure to timely file a return. The addition to tax is inapplicable, however, if the taxpayer shows that such failure to file is due to reasonable cause and not to willful neglect. Section 301.6651-1(c)(1), Proced. and Admin. Regs., provides in part, that if the "taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to reasonable cause." Petitioners filed their 1983 Federal income tax return almost one year late. Petitioner contends that his employment in New York prevented him from assembling the information necessary to prepare a complete return. This, in our opinion, does not constitute reasonable cause; an individual exercising ordinary business care and prudence would in most cases *533 keep adequate records sufficient to enable him to fulfill the obligation imposed by law to timely file income tax returns. Moreover, petitioners did not seek an extension of time in which to file their tax return. Accordingly, we sustain respondent's determination on this issue. 4. Section 6653(a) Additions to Tax
Section 6653(a)(1) provides an addition to tax if any part of an underpayment of tax is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(2) provides an addition to tax in the amount of 50 percent of the interest due on the portion of the underpayment attributable to negligence. Negligence has been defined as a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. ; . Respondent's determination that the underpayment was due to negligence is presumptively correct, and petitioners bear the burden of proving otherwise by a preponderance of the evidence. , affd. ; *534 . Given the close, factual nature of the deductibility of petitioner's "away-from-home" expenses, we find that so much of the underpayment as is attributable to the disallowance of the claimed deduction for his travel, meals and lodging expenses ($ 15,049) is not attributable to negligence. On the other hand, petitioners have failed to prove they were not liable for negligence for the disallowed automobile expenses. Accordingly, we sustain respondent's determination under section 6653(a)(1). We also sustain respondent's determination under section 6653(a)(2) but only to the extent of the underpayment attributable to the claimed $ 5,345 for automobile expenses. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩